HARDY, Judge.
This is a suit by husband and wife in which the former seeks to recover damages for medical expenses, property damages and personal injuries to his minor son, while the wife seeks an award of damages for personal injuries. Defendants admitted liability and the only issue presented, purely factual, was the amount of the awards to which plaintiffs were entitled. After trial there was judgment in favor of plaintiff husband for medical expenses and property damages to his automobile in the sum of $i,142.80, and in favor of plaintiff wife *643 in the principal sum of $3,000.00. The judgment further rejected the claims of ■damages for personal injuries to the minor. From this judgment plaintiffs have appealed.
Appellants urge error on the part of the trial court with respect to its failure to allow the full amount of medical expenses ■claimed by plaintiff, and failure to award ■damages for alleged injuries to the minor. It is further asserted that the award in favor of plaintiff wife is inadequate.
The accident which is the basis for this suit occurred on July 6, 1965. The community automobile, driven by plaintiff wife, in which her five-year-old son was a passenger, was struck from the rear. Mrs. Matlock suffered a whiplash injury and her son sustained a slight laceration to the back of the head which required no medical treatment. Mrs. Matlock was hospitalized the day following the occurrence of the accident for a period of ten days and thereafter she was under treatment of her attending physician for some seven months, at which time she was dismissed from further treatment, her physician’s examination failing to disclose any muscle spasm or restriction of cervical spine motion. At the time of trial, about ten and one-half months after the accident, Mrs. Matlock had fully recovered from the effects of the cervical injury and was able to engage in full activity.
Upon the basis of the facts, well established by the record, it is our opinion that the claim for damages to the minor was properly rejected. The laceration sustained was small, the only treatment administered was the application of peroxide by the mother, and there was no evidence of any pain, suffering or after-effects which would justify an award of damages.
We are further of the opinion that the award of $3,000.00, representing compensation with reference to the cervical injury sustained by Mrs. Matlock, was neither inadequate nor excessive.
It is the burden of appellants’ contentions before this Court that some seven months following the accident the plaintiff wife began to suffer a severe gastric disturbance which was diagnosed as a peptic ulcer. It is urged that this development either was directly caused by the accident or was due to the effects of a drug containing cortisone administered by the wife’s physician for the relief of the injury in the area of the cervical spine. Upon the same basis it is claimed that plaintiff husband is entitled to reimbursement of medical expenses incurred in connection with the treatment of his wife’s ulcer, together with estimated future medical expenses.
We do not find any support in the record of any substantial degree whatsoever which would justify a conclusion that Mrs. Matlock’s stomach ulcer was directly related to the trauma sustained in the accident. The only basis, therefore, upon which the claim for increased damages might be supported lies in the contention that the administration of a cortisone drug, more specifically the drug known as Aris-tocort, was ulcerogenic. This drug was administered by Mrs. Matlock’s attending physician, Dr. Ledbetter, who testified that it was used in suspension and injected in the areas of the muscle tenderness and inflammation. According to the testimony of this witness, this method of administration localized the activity of the drug, prevented the absorption into the body’s general circulation, and, therefore, was not the cause of, nor a contributing factor in, the development or aggravation of the ulcer. This testimony was not controverted by either of the other two medical experts who were tendered as witnesses for plaintiffs.
After thorough consideration of the medical testimony, we are firmly convinced that plaintiffs have not only failed to establish entitlement to damages resulting from Mrs. Matlock’s development of the *644 ulcer but the evidence preponderates against such a conclusion.
For the reasons assigned the judgment appealed from is affirmed at appellants’ cost.